UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES OF THE LOCAL 813 I.B.T.
INSURANCE TRUST FUND, THE LOCAL
813 I.B.T. PENSION TRUST FUND and,
LOCAL 813 AND LOCAL 1034
SEVERANCE TRUST FUND,

                    Plaintiffs,        **REPORT AND RECOMMENDATION**

    - v -

                                    CV 07-5157 (DLI)(VVP)

NYESC ACQUISITION CORP., and
HEALTH CARE WASTE SERVICES
CORP.,

                    Defendants.
-----------------------------------------------------------x

       This matter was referred by the Honorable Dora L. Irizarry to the undersigned to issue a report and recommendation regarding the amount of damages, as well as attorney's fees and costs, to be awarded to the plaintiffs Trustees of the Local 813 I.B.T. Insurance Trust Fund (hereinafter "the Insurance Fund"), the Local 813 I.B.T. Pension Trust Fund (hereinafter "the Pension Fund") and, Local 813 and Local 1034 Severance Trust Fund (hereinafter "the Severance Fund) (hereinafter collectively "the Funds ") as against the defaulting defendants NYESC Acquisition Corp., and Health Care Waste Services Corp. (hereinafter the "defendants" or "the defendant-employer").  The Trustees are the administrators of various employee benefit plans to which the defendants were obligated to make contributions pursuant to a collective bargaining agreement ("CBA") between Local 813 ("the Union") and the defendant-employer. *See* Complaint ¶¶ 5-8.  The case involves alleged violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"), stemming from the defendant-employer's failure to pay contributions to the Funds as required by the terms of the CBA.  *Id.* ¶¶ 9.  The

plaintiffs seek to recover the delinquent contributions plus interest, and liquidated damages under ERISA. The plaintiffs also request that the court award attorney's fees and costs.

## A. LIABILITY

By virtue of the defendants' defaults, the well-pleaded allegations of the Complaint are deemed admitted, except as to the amount of the plaintiffs' damages. *See, e.g.*, *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 113 S. Ct. 1049 (1993); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The Funds are multi-employer benefit trusts, organized under ERISA, and administered by representatives of employers and employees engaged in interstate commerce. *See* Complaint ¶¶ 5-6. The court accepts as true that the defendant-employer was obligated, under the CBA with Local 813, to pay fringe employee benefit contributions to the plaintiffs for all work performed by those employees of the defendant-employer within the trade and geographical jurisdiction of the union. *Id.* ¶¶ 7-8. In addition, the defendant-employer was obligated under the CBA to maintain adequate records of employees' time, payroll and records of service, and records pertaining to employment rates and hours of pay, and the payments remitted as contributions due to the Funds. *Id.* ¶ 9. The CBA allows the Funds to audit the books and records of the defendant-employer to determine whether the required payments to the contribution plans have been made. *Id.* ¶ 10.

The complaint further establishes that an audit of the defendant-employers records for the years 2004, 2005, and 2006 revealed that delinquent contributions are owed to the Funds. *Id.* ¶¶ 11-15. The defendant-employer has refused to pay the outstanding contributions. *Id.* ¶ 16. The defendant-employer's obligations under the CBA are enforceable under ERISA. *See* 29 U.S.C. § 1132(a)(3).

These facts are sufficient to establish the defendants' liability for violations of ERISA which states, "every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall. . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.

## B.  DAMAGES

ERISA provides a right of action for recovery of

(A) the unpaid contributions
(B) interest on the unpaid contributions
(C) an amount equal to the greater of -
    (i) interest on the unpaid contributions, or
    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State Law) of the amount determined by the court under subparagraph (A).
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Having provided notice to the defaulting defendants, the court is able to receive affidavits in lieu of holding an evidentiary hearing on the appropriate amount of damages to be awarded. *See, e.g., Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 11 (2d Cir. 1997) ("We have held that, under rule 55(b)(2), it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment."); *accord, Fustok v. ContiCommodity Serv., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989); *Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir. 1993).  There being no objection by any party to that procedure, the court has received and considered affidavits submitted by the plaintiffs.  The defendant-employer has made no submissions as to damages.

The plaintiffs are seeking delinquent contributions to the Insurance Fund, Pension Fund, and Severance Fund for the years 2004 through 2006, interest on the unpaid contributions, and liquidated damages. Federal Rule of Civil Procedure 55(b) requires the court to make an independent assessment of damages when deciding a motion for default judgment. *See Securities & Exch. Comm'n v. Management Dyn., Inc.,* 515 F.2d 801, 814 (2d Cir. 1975). In support of the request for delinquent contributions, and other statutory damages, the plaintiffs' have submitted an affidavit by Gil Hodes, an auditor for the Funds. *See* Affidavit of Gil Hodes ("Hodes Aff.") ¶ 2. Hodes conducted an audit of the defendant-employer's records for the time period January 1, 2004 through June 30, 2006, the results of which he describes in the affidavit. *Id.* ¶ 3. During the time period covered by the audit there were three (3) separate CBAs covering different classifications of employees. *Id.* ¶ 3. The first CBA covered Transfer Station employees and was in effect from December 1, 2003 through November 30, 2006; a second CBA covered Mechanics, Welders, and Yardmen was in effect from October 1, 2004 through September 30, 2007; and a third CBA covering Chauffeurs was in effect from December 1, 2003 through November 30, 2006. *Id.* ¶¶ 4-6, Exs. B-D. Each CBA required the employer to make weekly contributions to the Funds at specified rates for each covered employee.[1]

---

[1]The contribution rates for Transfer Station employees were as follows: for the Insurance Fund, $153.75 per week effective 12/1/03, $178.00 per week as of 12/1/04, and $202.00 effective 12/1/05; for the Severance Fund,$10 per week effective 12/1/03, and $26 per week as of 12/1/04. For Mechanics, Welders and Yardmen, the contribution rates were as follows: for the Insurance Fund, $153.75 per week effective 12/1/04, $178.00 per week as of 12/1/05, and $202.00 effective 12/1/06; for the Severance Fund, $10 per week effective 12/1/05, and $16 per week as of 12/1/06. Finally, for the Chauffeurs, the contribution rates were as follows: for the Insurance Fund, $153.75 per week effective 12/1/03, $178.00 per week as of 12/1/04, and $202.00 effective 12/1/05; for the Pension Fund, $39 per week effective 12/1/03; and for the Severance Fund, $10 per week effective 12/1/03, $26 per week as of 12/1/04.

Hodes provides an explanation for how he calculated the amount of delinquent contributions, including the names of employees for whom contributions were not made and the number of weeks for which contributions were owed for those employees. *Id*. ¶¶ 9-16. In addition, detailed tables reflecting his findings are annexed to his affidavit. *Id*. Exs. E, F, G. The audit revealed that for the time period from January 2004 through June 2006 the defendant-employer paid $671,245.024 in contributions, yet still owes $41,539.10 in unpaid contributions. *Id.* ¶¶ 10, 13, 16, Exs. E-G.[2] The audit findings and Hodes's affidavit amply support an award of damages in that amount.

The plaintiffs are also seeking interest on the unpaid contributions as accrued from December 31, 2006. *See* Affirmation in Support of Motion for Entry of Default Judgment ("First Hirschler Aff."), ¶ 6. ERISA section 502(g)(2) states, in pertinent part, that "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." *See* 29 U.S.C. § 1132(g)(2). Section 6621 of Title 26 provides, in pertinent part: "The overpayment rate established under this section shall be the sum of ... the Federal short-term rate determined under subsection (b), plus ... 3 percentage points." *See* 26 U.S.C. § 6621(a)(1). Subsection (b) of section 6621 states that "[t]he Secretary

---

[2]This amount was calculated by adding the various figures for unpaid contributions found in paragraphs 10, 13, and 16 of the affidavit, which are supported by Exhibits E through G. This total differs slightly from the amount on the summary annexed as Exhibit A to the Hodes Affidavit, which lists the shortfall as $40,723.10, because the summary erroneously understates the amounts in the column entitled "Schedule Three Difference Findings" for the year 2005 with respect to the Insurance and Severance Funds. The figures in Schedule Three are supposed to be the difference after subtracting the amounts listed in Schedule One from the amounts listed in Schedule Two. For some reason, arithmetic errors were made in the calculation of the 2005 amounts for the Insurance and Severance Funds.

shall determine the Federal short-term rate for the first month in each calendar quarter." *See* 26 U.S.C. § 6621(b).

Plaintiffs assert that the applicable interest rate is 7.88%, which is based upon the federal short term rate of 4.88% in effect in January 2007 plus an additional 3%. *See* First Hirschler Aff. ¶ 6, Ex. D. At that rate, the plaintiffs are entitled to interest in the amount $8,728.75 through August 31, 2009, plus $8.97 per day thereafter to the date of judgment.

In addition to the unpaid contributions and interest, the plaintiffs are entitled to liquidated damages in the amount of 20% of the unpaid contributions, which equals $8,307.82. *See* 29 U.S.C. § 1132(g)(2)(C)(ii).

## C. ATTORNEY'S FEES AND COSTS

The plaintiffs are also seeking attorney's fees and costs, both of which are available under ERISA. *See* 29 U.S.C. 1132(g)(2)(D). To aid the court in determining the amount of reasonable attorney's fees, the plaintiff is required to submit evidence that provides a factual basis for a fee award. *Hensley v. Eckerhart,* 461 U.S. 424, 433-434 (1983). In this Circuit, that entails submitting contemporaneous billing records documenting the date, the hours expended, and the nature of the work done, for each attorney. *See New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148, 1154 (2d Cir. 1983). The court must then determine whether the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson,* 406 U.S. 886, 896 n.22, 104 S. Ct. 1541 (1984); *Luciano v. Olsten Corp.,* 109 F.3d 111, 115 (2d Cir. 1997). Where adequate records are not submitted, the court may deny fees altogether or reduce the award. *See id.*, 711 F.2d at 1148; *Private Sanitation Union Local 813, International Brotherhood of Teamsters v. Gaeta-Serra Associates, Inc.*, Dkt. No. CV 02-5526, 2005 WL 2436194, at *3-4 (E.D.N.Y. August 12, 2005).

In addition, the court may exclude hours from the lodestar calculation that it finds to be excessive, duplicative, or unnecessary. *Duke v. County of Nassau,* 2003 WL 23315463, at *1 (E.D.N.Y. Apr. 14, 2003), *citing Hensley,* 461 U.S. at 434, *Luciano*, 109 F.3d at 116.

In reviewing the submissions on this issue, the court finds that the attorney time sheets are sufficiently detailed and that the rates charged by counsel are appropriate. The plaintiffs seek a modest attorney's fee award of $1,300 based upon 5.2 billed hours at $250 per hour. *See* Affirmation in Support of Reasonable Attorney's Fees ("Second Hirschler Aff."). Plaintiff also seek costs for $350 in filing fees which are appropriate. Therefore, the plaintiffs are entitled to $1,650 for attorney's fees and costs.

## CONCLUSION

In accordance with the above considerations, the undersigned hereby **RECOMMENDS** that damages be awarded against the defendants NYESC Acquisition Corp., and Health Care Waste Services Corp. for the following amounts

1. Unpaid ERISA contributions in the amount of $41,539.10;

2. Interest of $8,728.75 through August 31, 2009, plus $8.97 per day to the date of judgment;

3. Liquidated damages in the amount of $8,307.82; and

4. Attorney's fees and costs in the amount of $1,650.

\*        \*        \*        \*        \*        \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on

this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**Counsel for the plaintiffs shall serve a copy of this Report and Recommendation on the defendants by regular mail and file proof of such service in the record.**

                                               */s/ Viktor V. Pohorelsky*
                                                VIKTOR V. POHORELSKY
                                                United States Magistrate Judge

Dated: Brooklyn, New York
       August 26, 2009