```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TRUSTEES OF THE LOCAL 813 I.B.T        :
INSURANCE TRUST FUND, THE              :
LOCAL 813 I.B.T. PENSION TRUST         :
FUND and, LOCAL 813 AND LOCAL          :
1034 SEVERANCE TRUST FUND,             :
                                       :
              Plaintiffs,              :           SUMMARY ORDER
                                       :
          -against-                    :           07-CV-5157 (DLI)(VVP)
                                       :
NYESC ACQUISITION CORP., and           :
HEALTH CARE WASTE SERVICES             :
CORP.,                                 :
                                       :
              Defendants.              :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

On April 24, 2008, the court entered a default judgment against defendants NYESC Acquisition Corp. and Health Care Waste Services Corp., and referred the issue of damages, interest, and attorney's fees and costs to the Hon. Victor V. Pohorelsky, U.S.M.J. On August 26, 2009, Judge Pohorelsky issued a Report and Recommendation ("R & R") wherein he recommended that the court award plaintiffs $41,539.10 in delinquent contributions, interest on those contributions in an amount of $8,728.75 (plus $8.97 per day through the date of judgment), liquidated damages of $8,307.82, and attorney's fees and costs of $1,650. (Docket Entry 13.)

In reviewing a magistrate judge's R & R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party objects to a magistrate judge's R & R, the court must engage in a *de novo* review of those portions of the report to which the party specifically objects. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, where a party fails to make an

objection, the court will review an R & R for clear error. *Hardison v. Artus*, No. 06 Civ. 322, 2006 WL 1763678, at *1 (S.D.N.Y. June 23, 2006); *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). No objections to the R & R were filed. After carefully reviewing the R & R, the recommendations concerning delinquent contributions and attorney's fees and costs are adopted in their entirety.

Regarding interest, the magistrate judge's recommendation was calculated using the method proposed by plaintiffs in their Motion for Default Judgment, i.e., that interest began accruing on December 31, 2006, at a simple rate of 7.88 percent per annum (using the federal short-term interest rate of 4.88 percent in effect in January 2007, plus an additional three percent). (Docket Entry 6.) However, the court notes that the Internal Revenue Code provides that, in instances of underpayment, the rate of interest is the federal short-term rate "rounded to the nearest full percent," plus three percentage points, compounded daily. *See* 26 U.S.C. §§ 6621(a)(2), (b)(3), 6622(a). The federal short-term rate is calculated every calendar quarter.

From January 2004 (when defendants began defaulting) to the present, the interest rates pursuant to § 6621 fluctuated between four and eight percent.[1] Thus, a more accurate method of calculation would be for interest to begin accruing on each delinquent contribution when it became due, compounded daily through the entry of judgment, while accounting for the fluctuating interest rate. The court would be inclined to utilize this method over that recommended by the magistrate judge. However, plaintiffs' submissions do not specify the precise dates of the covered work, but instead merely indicate the month in which the work was performed. (*See* Hodes Aff. Exs. E-G.) This information is insufficient for the court to determine when the delinquent contributions became due under the Collective Bargaining

---

[1] *See* U.S. Dep't of Labor, *IRC 6621(a)(2) Underpayment Rates Table*, *available at* https://www.dol.gov/ebsa/calculator/a2underpaymentrates.html.

Agreements ("CBAs").  It is therefore impossible for the court to precisely calculate the interest plaintiffs are entitled to under E.R.I.S.A.  Accordingly, the court adopts the less accurate method recommended by the magistrate judge, and hereby awards plaintiffs interest in the amount of $8,997.85.  Ultimately, the court is confident that this amount is properly supported by the evidence.

Under E.R.I.S.A., plaintiffs are also entitled to an amount equal to the greater of (1) interest on the unpaid contributions; or (2) liquidated damages provided for under the plan that is not greater than 20 percent of the unpaid contributions.  *See* 29 U.S.C. § 1132(g)(2)(C).  The magistrate judge's interest recommendation was $8,728.75 (plus $8.97 per day through the date of judgment).  Nevertheless, Judge Pohorelsky recommended a liquidated damages award of twenty percent of the delinquent contributions, equaling $8,307.82.  This recommendation is inconsistent with the plain terms of E.R.I.S.A.  Accordingly, this part of the magistrate judge's recommendation is rejected, and plaintiffs are awarded $8,997.85 in liquidated damages.

## CONCLUSION

Upon due consideration, the R & R is adopted in part and modified in part.  It is hereby ordered that plaintiffs be awarded a total of $61,184.80.  The Clerk of the Court is directed to enter judgment and close this case.  Plaintiffs are directed to serve a copy of this Order on defendants and to promptly file proof of service with the court via ECF.

SO ORDERED.

DATED:	Brooklyn, New York
	September 30, 2009

_____/S/_____
DORA L. IRIZARRY
United States District Judge